■ Pashko Preldakaj, Appellant, v Zef Gazivoda et al., Respondents. (And a Third-Party Action.) [652 NYS2d 975] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered November 2, 1995, which denied plaintiff's motion for partial summary judgment on his causes of action under Labor Law § 240 (1) and § 241 (6), and granted defendants' cross motion for partial summary judgment dismissing those causes of action, unanimously affirmed, without costs. Order, same court (Stanley Green, J.), entered April 9, 1996, which granted defendants' motion for summary judgment dismissing plaintiff's cause of action for common-law negligence, unanimously reversed, on the law, without costs, the motion denied and plaintiff's cause of action for common-law negligence reinstated.

Plaintiff's Labor Law claims were properly dismissed. However, plaintiff's sworn statements that the accident was caused by improperly secured scaffolding that defendant had supplied and had assisted in installing raise issues of fact as to the cause of action for common-law negligence (*see, Communications & Entertainment Corp. v Hibbard Brown & Co.,* 202 AD2d 191), and we accordingly reinstate that cause of action. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.

■ The People of the State of New York, Respondent, v Louis A. Burgos, Appellant. [652 NYS2d 974] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered October 16, 1992, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4¹/₂ to 9 years, unanimously affirmed.

The chain of custody, as established by the testimony of the detective and the chemist, provided reasonable assurances that the package in question was the same one the undercover officer purchased from defendant and that the package was kept in police custody from the time it was purchased up until the time it was admitted into evidence (*People v Smith*, 189 AD2d 652, *lv denied* 81 NY2d 977). Any gaps in the chain of custody were insufficient to render the evidence inadmissible but were appropriately used to assess the weight of the evidence (*People v Julian*, 41 NY2d 340, 344). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.