(December 11, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK AKILI, Appellant. [733 NYS2d 429] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered July 25, 1996, convicting defendant, after a jury trial, of two counts of robbery in the first degree and two counts of robbery in the second degree, and sentencing him, as a second felony offender, to two terms of 8½ to 17 years and two terms of 7 to 14 years, all to be served concurrently, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. At the outset, we note that although a conviction may be predicated on fingerprint evidence alone (*People v Yancey*, 24 NY2d 864), in this case there was corroborating evidence. One of the victims, while unable to identify defendant, testified as to the robber's appearance, which matched that of defendant in many significant and uncommon details. We also note that there is no basis upon which to disturb the jury's credibility determinations concerning aspects of the fingerprint evidence challenged by defendant on appeal.

The circumstances in this case provided reasonable assurances of the identity and unchanged condition of the evidence of the latent fingerprint lifted from the scene of the crime (*People v Julian*, 41 NY2d 340). The record establishes continuous police control over the evidence in issue (*see, People v Cortijo*, 251 AD2d 256, 257, *lv denied* 92 NY2d 948; *People v Burgos*, 235 AD2d 367, *lv denied* 89 NY2d 1010). Any deficiency in the chain of custody went to the weight to be accorded the evidence, not to its admissibility (*see, People v White*, 40 NY2d 797, 799-800).

The People also established that the fingerprint was left at the time of the crime and not on some hypothetical prior occasion (*compare, Taylor v Stainer*, 31 F3d 907, 910, *with Mikes v Borg*, 947 F2d 353, *cert denied* 505 US 1229). The evidence permitted the jury to reasonably conclude that the glass door upon which the fingerprint was found had been cleaned the night before the robbery.

In connection with defendant's arguments addressed to the

sufficiency and weight of the evidence, defendant raises various challenges to the reliability of fingerprint analysis, both in general and as practiced by the New York City Police Department, and to the qualifications of the People's expert witnesses. These claims are unsupported by anything in the record, and defendant's appellate submission of scientific information dehors the record does not warrant a finding that the evidence was legally insufficient or that the verdict was against the weight of the evidence (*see, People v Flack*, 216 NY 123).

The court properly exercised its discretion in denying defendant's request for a substitution of counsel since defendant failed to establish the requisite good cause (*see, People v Sides*, 75 NY2d 822; *People v Sawyer*, 57 NY2d 12, *cert denied* 459 US 1178). The court duly considered the application and appropriately determined that so long as pretrial concerns were immediately resolved and jury selection was delayed for a few days, no substitution was necessary.

The court properly denied defendant's challenge for cause of a prospective juror since the juror did not make statements that "cast serious doubt on [his] ability to render an impartial verdict" (*People v Arnold*, 96 NY2d 358, 363) and the totality of his responses established that he could be a fair juror. To the extent that defendant relies upon the prospective juror's responses to defense counsel's questions during voir dire, that dialogue was unrecorded and we decline to adopt defense counsel's characterizations of those responses. Indeed, the trial court's ability to observe demeanor is entitled to deference (*People v Rodriguez*, 276 AD2d 275, *lv denied* 96 NY2d 738; *People v Middleton*, 220 AD2d 202, *lv denied* 87 NY2d 848), and after a review of the record, we discern no need to remand this matter for a reconstruction hearing.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.