■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN J. RUSHO, Appellant. [737 NYS2d 725] —Appeal from a judgment of Jefferson County Court (Martusewicz, J.), entered July 31, 2000, convicting defendant after a jury trial of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [2]) arising from the beating death of a 75-year-old motel owner. A podium used by guests when they registered at the motel was overturned and blood-stained, and defendant was convicted based upon evidence of three fingerprints left on the podium that were identified as patent prints

made when defendant touched the podium with blood on his hands. We reject defendant's contention that County Court erred in permitting an investigator to testify, based upon visual observation, that the fingerprints appeared to have been made from blood. Even "[l]ay witnesses are competent to identify blood from its appearance" (*People v Steele*, 287 AD2d 321, 322). Contrary to the further contention of defendant, "a conviction may be predicated on fingerprint evidence alone" (*People v Akili*, 289 AD2d 55, 55; *see, People v Yancey*, 24 NY2d 864). Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we conclude that the presence of defendant's bloody fingerprints on the podium may not be accounted for by any hypothesis of defendant's innocence, and thus the conviction is supported by legally sufficient evidence (*see, People v Steele, supra*).

Defendant failed to preserve for our review his contentions concerning the jury charge and the court's comments during sentencing (*see*, CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). We conclude that defendant received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147) and that the sentence is not unduly harsh or severe. Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.