The court properly exercised its discretion in admitting evidence relating to uncharged crimes. This evidence, which was not excessively detailed, was highly probative of defendant's motive and state of mind and provided background material necessary for the jury's full understanding of the case (*see People v Chebere*, 292 AD2d 323 [2002], *lv denied* 98 NY2d 673 [2002]). The court's thorough limiting instructions minimized any prejudicial effect.

The action of the prosecutor in walking toward the defense table after asking a witness if she recognized the perpetrator was sufficiently innocuous so that it did not taint the witness's strong in-court identification of defendant (*see People v Meggett*, 192 AD2d 468 [1993], *lv denied* 81 NY2d 1076 [1993]). There was no violation of the People's duty to disclose exculpatory evidence pursuant to *Brady v Maryland* (373 US 83 [1963]).

As the People concede, defendant's sentence on his attempted murder conviction was illegal since he was a first-time violent felony offender and the law in effect at the time of the commission of the crime mandated an indeterminate sentence.

We have considered and rejected defendant's remaining claims. Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.

■ In the Matter of MICHAEL R. and Another, Children Alleged to be Neglected. VICTOR T., Appellant; ADMINISTRATION FOR CHILDREN's SERVICES, Respondent, et al., Respondent. [765 NYS2d 358] —Order of factfinding and disposition, Family Court, New York County (Jody Adams, J.), entered on or about December 14, 2000, which, to the extent appealed from as limited by the brief, determined, in child protective proceedings pursuant to Family Court Act article 10, that respondent Victor T., a person legally responsible for the welfare of the subject children, had neglected said children, unanimously affirmed, without costs.

Respondent's neglect of the subject children was established by evidence showing that he stored heroin, which he intended to sell, in the family home and thus failed to exercise "a minimum degree of care" in his assumed role as a parental figure to properly supervise the children and act as their guardian (*see* Family Ct Act § 1012 [f] [i]; *Matter of Joey T.*, 185 AD2d 851 [1992]). Evidence at the fact-finding hearing established that

respondent had hidden bundles of heroin in the children's hamper; that he packaged narcotics in the presence of one of the children, age nine; that he sold drugs from the family home to strangers; and that his drug-related activities in the home had led to his conviction of criminal possession of a controlled substance in the third degree. Respondent's conduct, placing the children in near proximity to accessible narcotics and to the very dangerous activity of narcotics trafficking, posed an imminent danger to the children's physical, mental and emotional well-being. Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.