■ In the Matter of PAUL J., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; TAMIKA F., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of TYQUAN J., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; TAMIKA F., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of SHAMIK F., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. TAMIKA F., Appellant, et al., Respondent. (Proceeding No. 3.) [775 NYS2d 373]—

In three related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of (1) three fact-finding orders of the Family Court, Queens County (Salinitro, J.), all dated October 30, 2002 (one as to each child), as found, after a hearing, that she neglected the subject children, and (2) three orders of disposition of the same court, all dated March 4, 2003 (one as to each child), as, in effect, adjudicated that the subject children were neglected by her.

Ordered that the appeals from the fact-finding orders are dismissed, without costs or disbursements, as those orders were superseded by the orders of disposition; and it is further,

Ordered that the orders of disposition are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the Family Court's determination that she neglected her children is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b]; Matter of Noemi B., 273 AD2d 304 [2000]). The testimony of two caseworkers for the petitioner, two police officers, and the mother herself, demonstrated that the mother and the children resided in unsanitary and unsafe conditions, without sufficient food (see Family Ct Act § 1012 [f]; Matter of Noemi B., supra; Matter of Lillian R., 196 AD2d 503 [1993]). The evidence at the fact-finding hearing also established that the mother had possessed about 78 packets of crack cocaine and that she packaged and sold narcotics in the presence of the children. The mother's conduct, placing the children in near proximity to accessible narcotics and to the very dangerous activity of narcotics trafficking, posed an imminent danger to the children's physical, mental, and emotional well-being (see Matter of Michael R., 309 AD2d 590 [2003]).

The mother's remaining contention is without merit. S. Miller, J.P., Luciano, Adams and Cozier, JJ., concur.