■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EPPS, Appellant. [777 NYS2d 909]—

Judgment, Supreme Court, New York County (Dorothy A. Cropper, J.), rendered July 23, 2002, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). Issues of identification and credibility, including the question of defendant's opportunity to divest himself of the buy money prior to his arrest, were properly considered by the trier of facts and there is no basis for disturbing its determinations.

The People established a proper chain of custody for the drugs recovered from the buyer. The evidence provided reasonable assurances of the identity and unchanged condition of the substance recovered at the scene (People v Julian, 41 NY2d 340, 343 [1977]). The record establishes continuous police control over the drugs (see People v Cortijo, 251 AD2d 256, 257 [1998], lv denied 92 NY2d 948 [1998]; People v Burgos, 235 AD2d 367 [1997], lv denied 89 NY2d 1010 [1997]), and the issues regarding the officer's recollection were matters affecting the weight to be accorded the evidence and not its admissibility.

The court properly denied defendant's request for a missing witness charge on the ground that it was untimely (see People v Gonzalez, 68 NY2d 424, 428 [1986]; People v Alamo, 202 AD2d 349 [1994], lv denied 84 NY2d 822 [1994]). In any event, defendant did not establish that the retired officer in question could provide material testimony relevant to the sale and, as to the arrest and search of defendant, any testimony would have been cumulative (see People v Cortijo, 251 AD2d at 257). Concur— Tom, J.P., Andrias, Sullivan, Ellerin and Williams, JJ.