■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYNELL SIMS, Appellant. [797 NYS2d 8]—

Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered June 27, 2002, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to consecutive terms of 25 years and 15 years, concurrent with a term of seven years, unanimously modified, on the law, to provide that all sentences shall run concurrently, and otherwise affirmed.

The court properly declined to entertain defendant's request for new assigned counsel where another justice had denied the same request only a few days earlier, and there was no indication of any change in circumstances warranting reconsideration of his request (*see generally People v Evans*, 94 NY2d 499 [2000]). Furthermore, the record supports the first justice's determination that defendant did not establish good cause for substitution of assigned counsel (*see People v Linares*, 2 NY3d 507 [2004]). In any event, defendant's original attorney provided effective assistance at the suppression hearing, and defendant was represented by new counsel at trial.

We modify, however, to run all of defendant's sentences concurrently. Penal Law § 70.25 (2) prohibits consecutive sentences for "two or more offenses committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other." Although at sentencing both the prosecutor and defense counsel agreed that consecutive sentences were prohibited because the two offenses were not separate acts, the court disagreed based on its finding that "[y]ou had a gun which you pointed at the police after the robbery was over." If that finding was accurate, consecutive sentences would have been proper (*People v Okafore*, 72 NY2d 81 [1988]).

A review of the trial testimony, however, does not support the court's finding that defendant pointed the gun at the police. On the contrary, a fair reading of the police officer's testimony shows that defendant was initially observed walking toward the officer holding the gun "straight out," but when the officer turned toward him, he took a few steps back, before dropping the gun to the floor. Despite multiple questions on both direct and cross-examination regarding whether the gun was pointed

"at" him, the officer never definitively testified that such was the case. If the gun had been pointed at the officer, it would have been simple for him to convey that fact, but he never did.

A court may impose consecutive sentences on the theory that the offenses were separate and distinct acts where identifiable facts exist in the trial record to support that conclusion (*People v Laureano*, 87 NY2d 640, 644 [1996]). Here, there were no identifiable facts supporting the conclusion that defendant pointed a gun at the officer or that he was acting with an intent to do so. To be distinguished are those cases in which a defendant commits two separate acts while armed with a weapon, accompanied by a different intent for each (*see People v Salcedo*, 92 NY2d 1019, 1021-1022 [1998]; *Okafore*, 72 NY2d at 83-84). Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.