██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM H. HOWELL, Appellant. [847 NYS2d 811]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered November 18, 2005. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20) and grand larceny in the fourth degree (§ 155.30 [1]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Fingerprint evidence alone is legally sufficient evidence to support a conviction under appropriate circumstances (*see People v Rusho*, 291 AD2d 855 [2002], *lv denied* 98 NY2d 680 [2002]). Viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence established that defendant's fingerprint

was found on a beer bottle that was left near the burglarized vehicle on the night that the crimes were committed. The vehicle was parked in a gravel pit located in the Town of Phelps, and the evidence established that it did not appear that members of the public had previously entered the gravel pit. Defendant, a resident of Rochester, told the police that he had not been in the Phelps area for approximately five years. Under these circumstances, the fingerprint evidence "may not be accounted for by any hypothesis of defendant's innocence, and thus the conviction is supported by legally sufficient evidence" (*Rusho*, 291 AD2d at 856).

We reject defendant's further contention that the People failed to meet their burden of proving the amount of restitution owed by a preponderance of the evidence (*see* Penal Law § 60.27 [2]; CPL 400.30 [4]; *People v Tzitzikalakis*, 8 NY3d 217, 221 [2007]). The People met their burden by presenting the testimony of the victim at the restitution hearing establishing his out-of-pocket expenses (*see People v Senecal*, 31 AD3d 980 [2006]; *People v Shortell*, 30 AD3d 837 [2006]; *People v Morales*, 256 AD2d 729 [1998], *lv denied* 95 NY2d 868 [2000]). Defendant offered no evidence to the contrary, despite the fact that County Court granted his request for an adjournment for that purpose, as well as the fact that the court previously granted defendant's motion for funds to employ a private investigator in preparation for the restitution hearing. Present—Gorski, J.P., Martoche, Smith, Centra and Green, JJ.