■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRUNNER, Appellant. [890 NYS2d 3]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 9, 2006, as amended June 2, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and resisting arrest, and sentencing him, as a second felony offender, to an aggregate term of 4½ years, unanimously affirmed.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US

668 [1984]). Regardless of whether counsel should have made a speedy trial motion, defendant was not prejudiced by the lack of such a motion. Upon our review of the periods of delay at issue, we conclude that there was not enough includable time to require dismissal of the indictment.

The court properly denied defendant's request for missing witness charges as to several officers, since none of them would have provided material, noncumulative testimony (*see generally People v Gonzalez*, 68 NY2d 424 [1986]). A supervising officer was not present during the drug sale, and his testimony about events that came after the sale would have been cumulative to that of an officer who testified (*see e.g. People v Epps*, 8 AD3d 85 [2004], *lv denied* 3 NY3d 673 [2004]). The record fails to support defendant's assertion that two other uncalled officers may have been in a position to observe the sale (*see People v Tavarez*, 288 AD2d 120 [2001], *lv denied* 97 NY2d 709 [2002]).

The court's *Sandoval* ruling, permitting only limited use of defendant's prior record, balanced the appropriate factors and was a proper exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]). Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.