■ In the Matter of TALIYA G. and Another, Children Alleged to be Neglected. JEANNIE M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [889 NYS2d 40]—

Order of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about October 30, 2008, which, upon a fact-finding determination that respondent mother neglected the subject children, placed the children in the custody of petitioner Commissioner of Social Services of New York County until the completion of a permanency hearing scheduled for January 15, 2009, unanimously affirmed, without costs.

There is no basis for rejecting the court's finding, based on its credibility determinations (see Matter of Nakym S., 60 AD3d 578 [2009]), that respondent knew or should have known of her live-in boyfriend's drug business but nevertheless allowed him to reside in the apartment with her seven-year-old son, who had access to the drugs stored in the dresser in his bedroom (see Matter of Roy R., 6 AD3d 213 [2004]; Matter of Michael R., 309 AD2d 590 [2003]). In Matter of Hiram V. (162 AD2d 453 [1990]), on which respondent relies, it was found that there was no imminent risk of harm because the mother was estranged from the father and credibly denied knowledge of the presence of narcotics.

There was no need for a delegation of authority for the laboratory report analyzing the drugs, because the report was not a hospital or private agency record "relating to a child" (see Family Ct Act § 1046 [a] [iv]). There were reasonable assurances of

the identity and unchanged condition of the drugs (*see People v Valdez*, 41 AD3d 316 [2007], *lv denied* 9 NY3d 883 [2007]; *People v Epps*, 8 AD3d 85 [2004], *lv denied* 3 NY3d 673 [2004]).

The finding of derivative neglect with respect to the younger child, an infant, is supported by the evidence of neglect with respect to the older child, which demonstrates "such an impaired level of parental judgment as to create a substantial risk of harm for any child in [respondent's] care" (*Matter of Joshua R.*, 47 AD3d 465, 466 [2008], *lv denied* 11 NY3d 703 [2008]). In addition, evidence showed that the seven year old had access to the drugs and could have given them to the infant; petitioner was not required to demonstrate that the children were left together unsupervised. Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.