THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE SAFFORD, Appellant. [902 NYS2d 866]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 3, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]) in connection with the armed robbery of a convenience store. Contrary to the contention of defendant, the evidence is legally sufficient to establish his identity as the perpetrator of the crime based solely on the fact that his fingerprints were found on a doorknob in a location of the convenience store that generally is not open to the public. "Fingerprint evidence alone is legally sufficient evidence to support a conviction under appropriate circumstances" (*People v Howell*, 46 AD3d 1464, 1464 [2007], *lv denied* 10 NY3d 841 [2008]), and we conclude that such circumstances exist here. Although the sole eyewitness to the robbery was unable to identify defendant as the perpetrator, we conclude that the presence of defendant's fingerprints on the doorknob "may not be accounted for by any hypothesis of defendant's innocence" (*People v Rusho*, 291 AD2d 855, 856 [2002], *lv denied* 98 NY2d 680 [2002]). Thus, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). We note that, at trial, defendant did not dispute that his fingerprints were on the doorknob inside the store. Rather, the defense theory was that defendant touched the doorknob when he was in the store applying for a job on a date prior to the robbery. There was no evidence to support that theory, however, and the jury was free to credit the theory of the People over that of the defense in any event (*see generally id.*).

Defendant failed to preserve for our review his contention that Supreme Court erred in failing to conduct a hearing to determine the chain of custody of a store surveillance videotape that was no longer viewable by the time of trial. We note with respect to the videotape that the People did not seek to have it admitted in evidence at trial, although they did present

testimony concerning the videotape. In any event, any failure by the People to preserve the videotape so that it was viewable at trial was sufficiently addressed by the adverse inference charge given by the court (*see generally People v English*, 277 AD2d 1021 [2000], *lv denied* 96 NY2d 783 [2001]). Indeed, defendant did not object to the charge as given, and he did not request any further relief.

Defendant further contends that he was deprived of his right to effective assistance of counsel because defense counsel did not honor his request to present the testimony of an alleged alibi witness. We reject that contention, inasmuch as the record demonstrates that there were legitimate strategic reasons for defense counsel's refusal to call that proposed witness (*see People v Cancer*, 16 AD3d 835, 840 [2005], *lv denied* 5 NY3d 826 [2005]). Also contrary to the contention of defendant, defense counsel's single sarcastic reference, outside the presence of the jury, to the "infinite wisdom" of defendant in wanting to present alibi witnesses did not " 'seriously compromise[ ]' " his right to a fair trial (*People v Clark*, 6 AD3d 1066, 1067 [2004], *lv denied* 3 NY3d 638 [2004]), nor did defense counsel thereby become a witness against defendant (*cf. People v Kellar*, 213 AD2d 1063 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Fahey, Peradotto, Lindley and Pine, JJ.