■ In the Matter of JAYLIN E., a Child Alleged to be Neglected. JESSICA G., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [916 NYS2d 81]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about November 16, 2009, which, to the extent appealed from as limited by the briefs, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.

The court's finding of neglect is supported by the requisite preponderance of evidence (Family Ct Act § 1012 [f] [i] [B]; § 1046 [b]). The 21-month-old child was found in an apartment by police investigating marijuana dealing. The officer who executed the search warrant testified that there was marijuana in the bedroom where the child was staying and that there was a strong odor of marijuana on the child's body, hair and clothing (*see e.g. Matter of Taliya G. [Jeannie M.]*, 67 AD3d 546, 546 [2009]; *Matter of Michael R.*, 309 AD2d 590 [2003]). Moreover, the evidence plainly established that at least some of the adults in the apartment were engaged in the sale of marijuana. "Respondent's conduct, placing the child[ ] in near proximity to accessible narcotics and to the very dangerous activity of narcotics trafficking, posed an imminent danger to the [child's] physical, mental and emotional well-being" (*Michael R.*, 309 AD2d at 591). There is no basis for disturbing the court's credibility determinations. Concur—Sweeny, J.P., Moskowitz, DeGrasse, Freedman and Richter, JJ.