THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL BEAUCHAMP, Appellant. [923 NYS2d 70]—

Judgment, Supreme Court, Bronx County (Caesar D. Cirigliano, J.), rendered May 19, 2009, convicting defendant, after a jury trial, of robbery in the first degree (two counts), burglary

in the first degree and unlawful imprisonment in the first degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.

The trial court properly denied defendant's request for new counsel (*see People v Porto*, 16 NY3d 93, 100 [2010]). Approximately three weeks before, at a calendar call, another court had denied the same request. The calendar court had made a thorough inquiry into defendant's complaints, including alleged communication problems, and defendant does not challenge that determination on appeal. When defendant, through counsel, made the same request at the outset of jury selection, the trial court inquired whether there had been any new developments. When neither defendant nor his counsel had anything to add, the trial court deferred to the prior ruling by the calendar court. This was a proper exercise of discretion under these circumstances (*see People v Sims*, 18 AD3d 372 [2005], *lv denied* 5 NY3d 833 [2005]). The trial justice was "free to exercise his discretion in deciding whether to revisit the issue, or to defer to the earlier, discretionary ruling" (*People v Evans*, 94 NY2d 499, 506 [2000]).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The police found defendant's fingerprints on a vase at the crime scene. The only plausible inference was that they were left on the vase during the crime (*see e.g. People v McKenzie*, 2 AD3d 348 [2003], *lv denied* 2 NY3d 764 [2004]), particularly since the vase had recently been cleaned. Defendant's challenge to the reliability of fingerprint evidence in general is unsupported the record (*see People v Akili*, 289 AD3d 55, 56 [2001], *lv denied* 98 NY2d 635 [2002]).

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Catterson, Acosta, Abdus-Salaam and Román, JJ.