■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BOWMAN, Appellant. [931 NYS2d 63]—

We reject defendant's contention that the trial court deprived him of the right to retain counsel of his own choosing by failing to conduct a minimal inquiry into the merits of the allegations set forth in his pro se motion for assignment of substitute counsel. Although engaging in a brief and direct inquiry into the reasons for defendant's dissatisfaction with counsel would likely have obviated this appeal, Justice Berkman's failure to do so does not warrant reversal. There were no specific factual allegations in defendant's pro se motion that would indicate a serious conflict with counsel that would require the trial court to engage in an inquiry of defendant (*see People v Porto*, 16 NY3d 93, 100-101 [2010]; *see also People v Adger*, 83 AD3d 1590 [2011]). In any event, after characterizing defendant's request as a "delaying tactic," Justice Berkman allowed defendant to speak, and he provided no additional reasons for his dissatisfaction with counsel. Instead, he merely protested his innocence.

Nor did Justice White abuse her discretion by declining to reconsider the issue later that same morning. In the absence of any change in circumstances warranting reconsideration of defendant's request, it was a proper exercise of discretion to defer to the earlier ruling by Justice Berkman (*see People v*

*Beauchamp*, 84 AD3d 507, 508 [2011]; *People v Sims*, 18 AD3d 372, 373 [2005], *lv denied* 5 NY3d 833 [2005]). Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.