■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY BRYANT, Appellant. [937 NYS2d 55]—

The court properly denied defendant's suppression motion. Upon defendant's lawful arrest at the door of his apartment, the police properly conducted a limited protective sweep of the apartment to determine if there was anyone present who might destroy evidence or pose a threat to the officers (see Maryland v Buie, 494 US 325, 334 [1990]). The robbery victim had provided information warranting a reasonable belief that other participants in the robbery might be present in the apartment. The record supports the hearing court's finding that the recovery of incriminating evidence from a partly open closet was justified under the plain view doctrine, and was within the scope of the protective sweep (see People v Lasso-Reina, 305 AD2d 121, 122 [2003], lv denied 100 NY2d 595 [2003]).

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no

basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in the testimony of the prosecution witnesses.

The court properly denied defendant's request for a missing witness charge, since defendant failed to meet his burden of showing that the uncalled witness would have provided material, noncumulative testimony (*see People v Brunner*, 67 AD3d 464, 465 [2009], *affd* 16 NY3d 820 [2011]). Concur—Mazzarelli, J.P., Saxe, Catterson, Acosta and Román, JJ.