■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW RODRIGUEZ, Appellant. [984 NYS2d 54]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered January 30, 2008, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, and sentencing him to a term of two years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning identification and credibility. In addition to the fact that defendant was identified by two officers, the evidence supports the conclusion that a 10-dollar bill recovered from defendant after his arrest was part of the prerecorded buy money used in the drug purchase, notwithstanding defendant's arguments concerning the particular bill produced in court. An officer testified that shortly after recovering the 10-dollar bill, he compared it to the photocopy he had made of one of the bills to be used in the buy operation. We also note that defendant's arguments concerning the weight of the evidence improperly include background matters that were not introduced at trial (*see People v Dukes*, 284 AD2d 236 [2001], *lv denied* 97 NY2d 681 [2001]), and that were not necessarily admissible as evidence.

The court properly admitted into evidence the particular 10-dollar bill at issue. The People established a sufficient chain of custody for the bill, providing reasonable assurances of its identity (*see People v Julian*, 41 NY2d 340 [1977]; *People v Cortijo*, 251 AD2d 256 [1st Dept 1998], *lv denied* 92 NY2d 948 [1998]). Any deficiencies in the chain of custody went to the weight and not the admissibility of this evidence (*see People v White*, 40 NY2d 797, 799-800 [1976]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Freedman and Kapnick, JJ.