■ In the Matter of JAIELLY R.H. COMMISSIONER OF NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; KIMBERLY V. et al., Respondents. [19 NYS3d 68]—

Appeals from two orders of the Family Court, Kings County (Daniel Turbow, J.), both dated December 1, 2014. The orders, after a fact-finding hearing, granted the parents' respective motions, in effect, to dismiss the petition insofar as asserted against each of them pursuant to Family Court Act § 1051 (c).

Ordered that the orders are reversed, on the law, without costs or disbursements, the petition is reinstated, a finding of neglect is made against each parent, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and orders of disposition thereafter.

The Family Court erred in granting the parents' respective motions to dismiss the neglect petition insofar as asserted against each of them. The petitioner established by a preponderance of the evidence that, in executing a search warrant at the father's apartment, the police found illegal drugs, including multiple individual packages of crack cocaine and heroin and a large quantity of marijuana, in various locations throughout the home within the reach of the approximately three-year-old child. As the Family Court correctly found, the hearing evidence further established that the mother knew or should have known about the accessible drugs in the home despite her residence elsewhere, inasmuch as she was undisputedly present there virtually on a daily basis. The parents' conduct in placing the child in proximity to readily accessible drugs "posed an imminent danger to the [child's] physical, mental, and emotional well-being" (*Matter of Evan E. [Lasheen E.]*, 95 AD3d 1114, 1115 [2012]; *see Matter of Paul J.*, 6 AD3d 709, 710 [2004]; *Matter of Michael R.*, 309 AD2d 590, 590-591 [2003]). Thus, the evidence was sufficient to support a finding of neglect against each parent (*see Matter of Jared M. [Ernesto C.]*, 99 AD3d 474, 474-475 [2012]; *Matter of Paige AA. [Anthony AA.]*, 85 AD3d 1213, 1216 [2011]; *Matter of Taliya G. [Jeannie M.]*, 67 AD3d 546, 547 [2009]; *Matter of Andrew DeJ. R.*, 30 AD3d 238 [2006]; *Matter of Myra P.*, 251 AD2d 668, 669 [1998]).

The remaining contentions of the petitioner and the attorney

for the child are not properly before this Court (*see* CPLR 5501 [a] [3]). Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.