■ In the Matter of JAYDEN H. and Another, Children Alleged to be Neglected. GREGORIO H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [43 NYS3d 749]—

Order of disposition, Family Court, Bronx County (Linda Tally, J.), entered on or about December 9, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about December 9, 2015, which found that respondent father had neglected the subject children, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that the father neglected the children by using the residence he occupied with the children as the base of his drug trafficking operations (see Family Ct Act § 1012 [f] [i] [B]). A special agent

with the Drug Enforcement Administration testified that he observed the father going into and out of the home numerous times during the day, after engaging in conversations with individuals in vehicles, and that a search of the residence disclosed a large quantity of cocaine, crack cocaine, oxycodone tablets, and cash. Family Court properly concluded that the father's conduct placed the children at imminent risk of harm (*see Matter of Jaylin E. [Jessica G.]*, 81 AD3d 451 [1st Dept 2011]; *Matter of Taliya G. [Jeannie M.]*, 67 AD3d 546 [1st Dept 2009]).

The delay in the proceedings did not prejudice the father or violate his due process rights, and Family Court providently exercised its discretion in adjourning the proceedings (*see Matter of Steven B.*, 6 NY3d 888, 889 [2006]). The father was not produced in court due to his incarceration and as a result of concerns about prejudicing the criminal case against him.

We have considered the father's remaining arguments, including those involving the laboratory test results, and find them unavailing. Concur—Acosta, J.P., Mazzarelli, Andrias, Feinman and Webber, JJ.