People v Terborg (2018 NY Slip Op 04119)





People v Terborg


2018 NY Slip Op 04119


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


221 KA 12-02145

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY J. TERBORG, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered August 16, 2012. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree and intimidating a victim or witness in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the first degree (Penal Law
§ 140.30 [2]) and intimidating a victim or witness in the second degree (§ 215.16 [2]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence with respect to the element of physical injury (see People v Lumpkin, 154 AD3d 966, 966-967 [2d Dept 2017], lv denied 30 NY3d 1117 [2018]; People v Spratley, 96 AD3d 1420, 1420-1421 [4th Dept 2012]; People v Porter, 304 AD2d 845, 845-846 [3d Dept 2003], lv denied 100 NY2d 565 [2003]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention, Supreme Court (Doyle, J.) properly disqualified the Monroe County Public Defender's Office from representing him (see People v Terborg, 156 AD3d 1320, 1320 [4th Dept 2017]). To the extent that defendant also challenges a subsequent ruling of the court (Renzi, J.) adhering to the initial disqualification ruling, we conclude that the subsequent ruling was not an abuse of discretion (see People v Beauchamp, 84 AD3d 507, 508 [1st Dept 2011], lv denied 17 NY3d 813 [2011]; see generally People v Evans, 94 NY2d 499, 506 [2000], rearg denied 96 NY2d 755 [2001]). Contrary to defendant's further contention, the court did not err in denying his pretrial request to remove trial counsel inasmuch as defendant abandoned that request (see People v Ragin, 136 AD3d 426, 427 [1st Dept 2016], lv denied 27 NY3d 1074 [2016]). Contrary to defendant's further contention, the court conducted a sufficient inquiry into his presentence request to remove trial counsel (see People v Porto, 16 NY3d 93, 99-100 [2010]).
Contrary to defendant's contention, the court did not allow evidence of prior uncharged crimes to be introduced at trial. To the extent that defendant challenges the court's refusal to declare a mistrial following the victim's unprompted mention of a prior criminal act by defendant, we conclude that the court's curative instruction to the jury was adequate to dissipate any prejudice (see People v Spears, 140 AD3d 1629, 1630 [4th Dept 2016], lv denied 28 NY3d 974 [2016]; People v Holton, 225 AD2d 1021, 1021 [4th Dept 1996], lv denied 88 NY2d 986 [1996]).
Defendant failed to preserve for our review his contention that the Trial Justice should have recused himself, and we decline to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Pett, 74 AD3d 1891, 1892 [4th Dept [*2]2010]). Defendant's claim of ineffective assistance of counsel is based on matters outside the record and must therefore be raised in a motion pursuant to CPL article 440 (see People v Atkinson, 105 AD3d 1349, 1350 [4th Dept 2013], lv denied 24 NY3d 958 [2014]). The sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that none warrant reversal or modification of the judgment.
Finally, we note that the uniform sentence and commitment sheet recites an incorrect sentencing date of August 13, 2012 and must be corrected to reflect the correct sentencing date of August 16, 2012 (see generally People v Pitcher, 126 AD3d 1471, 1473-1474 [4th Dept 2015], lv denied 25 NY3d 1169 [2015]).
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court