People v Whiting (2019 NY Slip Op 02235)





People v Whiting


2019 NY Slip Op 02235


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


362 KA 16-01598

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL WHITING, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered August 16, 2016. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law
§ 125.25 [1]). Defendant's conviction stems from his brutal murder of his wife, who he stabbed 30 times in their bedroom in the middle of the night while their two infant children were also in the room. Defendant stabbed himself twice in the leg in an attempt to make it look like an intruder committed the crime.
We reject defendant's contention that County Court erred in refusing to suppress two statements that he made to police detectives while at the hospital, i.e., one that occurred shortly after the incident while defendant was awaiting surgery and another that occurred later in the day after his surgery. We agree with the court that defendant was not in custody during the first interview inasmuch as defendant was not physically restrained, and the questions asked were investigatory, not accusatory (see People v Law, 273 AD2d 897, 898-899 [4th Dept 2000], lv denied 95 NY2d 965 [2000]; People v Bowen, 229 AD2d 954, 955 [4th Dept 1996], lv denied 88 NY2d 1019 [1996]). In any event, defendant waived his Miranda rights before both interviews, and we agree with the court that the waivers were valid (see People v Cimino, 49 AD3d 1155, 1156-1157 [4th Dept 2008], lv denied 10 NY3d 861 [2008]). Although defendant was under the influence of medication, he was not intoxicated "to the degree of mania, or of being unable to understand the meaning of his statement[s]" (People v Tracy, 125 AD3d 1517, 1518 [4th Dept 2015], lv denied 27 NY3d 1008 [2016] [internal quotation marks omitted]). Contrary to defendant's further contention, his statement to the detectives during the second interview to "[e]ither wrap this up or I'm going to say the word lawyer so that you wrap it up" was not an unequivocal request for an attorney (see generally People v Glover, 87 NY2d 838, 839 [1995]; People v Higgins, 124 AD3d 929, 931 [3d Dept 2015]). We also reject defendant's contention that he received ineffective assistance of counsel when defense counsel failed to call a toxicology expert to testify at the Huntley hearing. Defendant "failed to demonstrate the absence of a tactical or other legitimate explanation for counsel's decision" (People v Bonelli, 41 AD3d 972, 973 [3d Dept 2007], lv denied 9 NY3d 921 [2007]; see People v Safford, 74 AD3d 1835, 1837 [4th Dept 2010], lv denied 16 NY3d 746 [2011], reconsideration denied 16 NY3d 899 [2011]).
Defendant's contention that the evidence is legally insufficient to establish his identity as the perpetrator is not preserved for our review inasmuch as he failed to move for a trial order of dismissal on that ground (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, defendant's contention lacks merit. Viewing the evidence in the light most favorable to the People (see [*2]People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The physical evidence and testimony from prosecution witnesses about their observations of the crime scene, which contradicted defendant's explanation about what occurred, together with the testimony of a neighbor who heard a man and a woman arguing before hearing sirens and the testimony of three jailhouse informants, established that defendant was the perpetrator. Indeed, we agree with the People that it defies logic that an unknown assailant would enter the bedroom of defendant and his wife in the middle of the night, stab the wife 30 times but defendant only twice, and then leave the house without a trace. In light of our determination, we reject defendant's contention that defense counsel was ineffective in failing to preserve his legal sufficiency challenge for our review. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
The court held Cardona hearings (see People v Cardona, 41 NY2d 333 [1977]) with respect to the three jailhouse informants and, contrary to defendant's contention, we conclude that the record supports the court's determination that they were not acting as agents of the government when defendant made inculpatory statements to them (see People v Allen, 122 AD3d 1423, 1424 [4th Dept 2014], lv denied 25 NY3d 987 [2015], reconsideration denied 25 NY3d 1197 [2015]; People v Young, 100 AD3d 1427, 1427-1428 [4th Dept 2012], lv denied 20 NY3d 1105 [2013]). The fact that the informants received some consideration in exchange for their testimony at trial did not retroactively create an agency relationship. Finally, the sentence is not unduly harsh or severe.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court