Matter of Eliani M.-R. (Sonia M.) (2019 NY Slip Op 04274)





Matter of Eliani M.-R. (Sonia M.)


2019 NY Slip Op 04274


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Friedman, J.P., Gische, Webber, Gesmer, Moulton, JJ.


9475 9474

[*1]In re Eliani M.-R., A Child Under Eighteen Years of Age, etc., Sonia M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Office of Thomas R. Villecco, P.C. Jericho (Thomas R. Villecco of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Emily M. Olshansky, J.), entered on or about May 10, 2017, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about November 4, 2016, which found that respondent mother neglected the subject child, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The Family Court's finding that the mother neglected the subject child was supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The evidence showed that the mother, carrying cocaine and ecstasy, traveled to New Jersey in a vehicle with her 13-year-old daughter to engage in a drug transaction (see Matter of Evan E. [Lasheen E.], 95 AD3d 1114 [2d Dept 2012]; see also Matter of Esslieny A. [Rafael A.], 142 AD3d 862, 862 [1st Dept 2016], lv denied 28 NY3d 911 [2016]). She then dropped off her husband and the child in a parking lot to wait for her, drove to an adjoining parking lot, sold cocaine to a male and gave him an ecstacy tablet. She then drove around the corner of the motel to pick up her child and husband. Before she could exit the parking lot, the police arrested her for narcotics trafficking, in front of the child, who began to cry hysterically. By placing the child in close proximity to narcotics in the car and in close proximity to narcotics trafficking as she was merely in an adjoining parking lot, the mother placed the child in imminent danger to her physical, mental and emotional well-being (see e.g. Matter of Jaylin E.[Jessica G.], 81 AD3d 451 [1st Dept 2011]; see Matter of Eugene L.[Julianna H.], 83 AD3d 490 [1st Dept 2011]).
In view of our affirmance of Family Court's order on the basis discussed above, we need not reach the issue of whether the Family Court properly found that the mother neglected the subject child by misusing drugs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK