Matter of Kamryn D. (Sharon L.--Kelvin D.) (2021 NY Slip Op 07505)





Matter of Kamryn D. (Sharon L.--Kelvin D.)


2021 NY Slip Op 07505


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Docket No. NN-03292-/16, NN-03293/16 Appeal No. 14923 Case No. 2020-03256 

[*1]In the Matter of Kamryn D., and Another, Children Under Eighteen Years of Age, etc., Sharon L., Respondent-Appellant, Kelvin D., Respondent, Administration for Children's Services, Petitioner-Respondent. 


Marion C. Perry, Brooklyn, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about July 18, 2019, which, after a hearing, determined that respondent mother neglected the subject children, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of evidence (Family Ct Act § 1012[f][i][B]; § 1046[b]), which shows that respondent, the mother of one of the subject children and grandmother of the other, knew or should have known that her adult sons were engaged in narcotics trafficking in the apartment where they were living with her and the children (see Matter of Taliya G. [Jeannie M.], 67 AD3d 546 [1st Dept 2009]). The detective who executed the search warrant testified that he saw drug-packaging materials and several bags of narcotics in respondent's apartment and discovered marijuana in respondent's bedroom, where one of the children was staying. To the extent respondent was not engaged in the sale of narcotics, she nevertheless placed the children in proximity to accessible narcotics and to narcotics trafficking, thereby creating an imminent danger to their physical, mental, and emotional condition (see Family Ct Act § 1012[f][i]; Matter of Eliani M.-R. [Sonia M.], 172 AD3d 636 [1st Dept 2019]; Matter of Essleiny A. [Rafael A.], 142 AD3d 862, 862-863 [1st Dept 2016], lv denied 28 NY3d 911 [2016]).
We have considered respondent's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021