Matter of Zorren T. (Doris M.) (2022 NY Slip Op 05935)

Matter of Zorren T. (Doris M.)

2022 NY Slip Op 05935

Decided on October 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 20, 2022

Before: Gische, J.P., Kern, Gesmer, Scarpulla, Rodriguez, JJ. 

Docket No. NN-10473/19 Appeal No. 16494 Case No. 2021-03565 

[*1]In the Matter of Zorren T., A Child Under Eighteen Years of Age, etc., Doris M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), and Locke Lord LLP, New York (Ira G. Greenberg of counsel), attorneys for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Jane Pearl, J.), entered on or about August 3, 2021, which, inter alia, determined that respondent mother neglected the subject child, unanimously affirmed, without costs.
The finding of neglect was supported by a preponderance of the evidence (see Family Ct Act § 1046[b][i]). The evidence showed that the mother abused cocaine in close proximity, approximately three feet, to the then two-year-old child, who was walking and able to get in and out of his crib unassisted, while she was in the bathroom of the one-room apartment she shared with the child and his father. Two weeks later, the father again saw the mother with a vial of cocaine in the bathroom, while the child was in the home and could have entered the bathroom and come into contact with, ingested, or inhaled the narcotic, thereby placing the child at imminent risk of harm (see e.g. Matter of Eliani M.-R. [Sonia M.], 172 AD3d 636 [1st Dept 2019]; see also e.g. Matter of Jaylin E. [Jessica G.], 81 AD3d 451, 451 [1st Dept 2011]; Matter of Michael R., 309 AD2d 590, 590-591 [1st Dept 2003]). The court properly drew a negative inference from the mother's failure to testify at the hearing (see Matter of Adonis H. [Enerfy H.], 198 AD3d 478, 479 [1st Dept 2021]; Matter of Rachel S.D. [Luis N.], 113 AD3d 450 [1st Dept 2014]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2022