People v Davis

2026 NY Slip Op 02161

April 9, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Rasheed Davis, Defendant-Appellant.

Decided and Entered: April 09, 2026

Ind No. 684/21|Appeal No. 6315|Case No. 2022-04568|

Before: Kennedy, J.P., Kapnick, Higgitt, Michael, Chan, JJ.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Daniel P. Schumeister of counsel), for appellant.

Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

[*1]

Judgment, Supreme Court, New York County (Felicia Mennin, J., at suppression hearing; Neil E. Ross, J., at plea and sentencing), rendered September 14, 2022, convicting defendant, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.

Defendant's suppression motion should not have been summarily denied based on lack of standing. Defendant claimed that he had standing based on his status as an "overnight guest" (see Minnesota v Olson, 495 US 91, 95-97 [1990]; People v Ortiz, 83 NY2d 840, 842-843 [1994]), and supported this claim with factual allegations that, if true, would establish standing. The court's view that these allegations were not credible and that the most reasonable inference was that defendant was a "casual visitor" (see Ortiz, 83 NY2d at 843) had no bearing on whether defendant established a material factual dispute regarding standing because defendant's "sworn allegations of fact . . . support[ed] the ground alleged," i.e., that he was an overnight guest (see CPL 710.60[3][b]).

However, the court properly denied the motion on the merits because the record established that a "protective sweep" of the apartment was justified after officers had arrested defendant, and soon after arrested codefendant, at the door to the apartment (see Maryland v Buie, 494 US 325, 334 [1990]; People v Bryant, 91 AD3d 558, 558 [1st Dept 2012], lv denied 20 NY3d 1009 [2013]). Thus, the police properly conducted a limited protective sweep of the apartment to determine if there was anyone present who might destroy evidence or pose a threat to the officers (see Bryant, 92 AD3d at 558, citing Maryland v Buie, 494 US at 334).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 9, 2026