■ In the Matter of DARREN DESMOND W., a Child Alleged to be Neglected. NIRANDAH W., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [993 NYS2d 908]—

Appeal from order of fact-finding and disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about August 6, 2013, which, upon inquest after respondent's default at the fact-finding hearing, determined that respondent had neglected the subject child, transferred custody of the child to the Commissioner of Social Services until the next permanency hearing, and approved the agency's permanency plan for adoption, unanimously dismissed, without costs.

The order was entered upon respondent's default and is therefore not appealable (*see* CPLR 5511; *Matter of Julien Javier F. [Christina F.]*, 110 AD3d 562 [1st Dept 2013]).

In any event, the finding of derivative neglect is supported by a preponderance of the evidence (Family Ct Act §§ 1012 [f] [i] [B]; 1046 [a] [i]; [b] [i]). A one-year suspended judgment

terminating respondent's rights to two of her other children was entered less than a year and a half before the filing of the instant petition. The underlying conditions that went unfulfilled, resulting in the prior neglect findings—that respondent obtain a source of income, provide adequate housing and medical care for the children, and comply with her service plan— remained unfulfilled (*see Matter of Niya Kaylee S. [Yolanda R.]*, 110 AD3d 460 [1st Dept 2013]). Family Court properly conformed the petition to the proof (Family Ct Act § 1051 [b]), which supported a finding of direct neglect of the subject child by abandonment. The court did not err in drawing a negative inference against respondent for her failure to appear at the hearing (*see Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983]). Concur—Friedman, J.P., Sweeny, Acosta, Saxe and Manzanet-Daniels, JJ.