■ In the Matter of JAYDEN C., Also Known as BABY BOY C., an Infant. LUISANNY A., Appellant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [2 NYS3d 349]—

Order, Family Court, Bronx County (Joan L. Piccarillo, J.), entered on or about February 28, 2014, which granted the motion for summary judgment of petitioner Administration for Children's Services, finding that respondent mother derivatively abused the subject child, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about January 22, 2014, which denied respondent's application pursuant to Family Court Act § 1028 for return of the subject child, unanimously dismissed, as moot, without costs.

Petitioner agency made a prima facie showing of derivative abuse as to the subject child based on the prior findings of abuse against respondent with respect to her older children, including a finding that she abused her then one-year-old daughter who suffered severe head trauma consistent with a violent shaking. These prior findings, entered less than two years prior to the filing of the instant petition which was bought five days after the subject child's birth, were sufficiently close in time to support the conclusion that respondent's parental judgment remained impaired (*see Matter of Nhyashanti A. [Evelyn B.]*, 102 AD3d 470 [1st Dept 2013]; *Matter of Brianna R. [Marisol G.]*, 78 AD3d 437, 437-438 [1st Dept 2010], *lv denied* 16 NY3d 702 [2011]). Accordingly, the deriva-

tive finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]).

Contrary to respondent's argument, the entry of the abuse finding, which was entered on consent, constitutes proof that her older child was abused, and was admissible on the issue of derivative abuse (*see Matter of William N. [Kimberly H.]*, 118 AD3d 703, 705 [2d Dept 2014]).

Respondent failed to raise "a triable issue of fact concerning an amelioration of the conditions that led to the original finding" (*Matter of Takia B. [Antoine N.]*, 73 AD3d 575, 576 [1st Dept 2010]). Notably, the two older children had not yet been returned to respondent based on findings that their continued placement was required in furtherance of their best interests and safety needs. Further, respondent's testimony demonstrated that she continued to lack parental judgment and that she had not fully complied with service referrals. Concur— Acosta, J.P., Andrias, Saxe, DeGrasse and Richter, JJ.