(June 25, 2015)

■ In the Matter of PHOENIX J., a Child Alleged to be Neglected. KODEE J., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. [12 NYS3d 64]— Order of fact-finding, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 19, 2014, which granted petitioner agency's motion for summary judgment, finding that respondent mother had derivatively neglected the subject child, unanimously affirmed, without costs.

The agency made a prima facie showing of derivative neglect as to the subject child, based on three prior orders finding that the mother had neglected three of her older children, and orders terminating her parental rights to all five of her older children in October 2011 (*see Matter of Camarrie B. [Maria R.]*, 107 AD3d 409 [1st Dept 2013]). The prior neglect findings, issued over a five-year period between September 2005 and September 2010, support a finding by a preponderance of the evidence that the mother, by reason of her untreated mental health issues, was unable to care for any child (*see Matter of T-Shauna K.*, 63 AD3d 420 [1st Dept 2009]). Further, the orders terminating the mother's parental rights were based on findings that she had permanently neglected the children by failing to, among other things, consistently visit them, complete parenting skills and anger management programs, and comply with mental health service referrals. The permanent neglect findings thus demonstrate that the mother had not addressed or resolved the issues that resulted in the prior findings of ne-

glect (see Matter of Darren Desmond W. [Nirandah W.], 121 AD3d 573 [1st Dept 2014]; Matter of Jamarra S. [Jessica S.], 85 AD3d 803, 804-805 [2d Dept 2011]). The conduct underlying the prior findings of neglect and permanent neglect was sufficiently proximate in time to the derivative neglect proceeding to support the conclusion that the conditions still existed (see T-Shauna K., 63 AD3d at 420).

In opposition to the agency's motion, the mother presented no evidence that circumstances had changed (see Matter of Jayden C. [Luisanny A.], 126 AD3d 433, 434 [1st Dept 2015]). Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.