■ In the Matter of KEITH H., III, a Child Alleged to be Neglected. LOGANN MARCHELE K., Appellant; ADMINISTRATION FOR CHILDREN SERVICES, Respondent. [24 NYS3d 35]—

Order of fact finding, Family Court, New York County (Jane Pearl, J.), entered on or about July 9, 2014, which, after a hearing, determined that respondent mother derivatively neglected the subject child, unanimously affirmed, without costs.

The record demonstrates by a preponderance of the evidence that the mother posed an imminent danger of harm to the subject child, even though he was not abused by her, because there are prior orders finding that she had neglected and derivatively neglected her other children by inflicting excessive corporal punishment upon two of the child's siblings (*see Matter of Andre B. [Wilner G.B.]*, 91 AD3d 411, 412 [1st Dept 2012]; *Matter of Ameena C. [Wykisha C.]*, 83 AD3d 606, 607 [1st Dept 2011]). "The prior orders finding neglect, rendered before the [subject] child was born, were affirmed on appeal, and sup-

ported a finding of derivative neglect as to all other siblings" (*Matter of Keith H. [Logann M.K.]*, 113 AD3d 555, 555 [1st Dept 2014] [citations omitted]; *see Matter of Jeremy H. [Logann K.]*, 100 AD3d 518 [1st Dept 2012]; *Matter of Jacob H. [Logann K.]*, 94 AD3d 628 [1st Dept 2012], *lv dismissed* 19 NY3d 952 [2012]).

Moreover, the instant petition was filed within four months after the Family Court's finding of neglect as to one of the subject child's older siblings, and the mother does not argue that the neglect finding was too remote in time to the instant proceeding to support a reasonable conclusion that the condition still exists (*see Matter of Keith H.*, 113 AD3d at 555-556; *Matter of Camarrie B. [Maria R.]*, 107 AD3d 409 [1st Dept 2013]).

Given that the mother has previously been found to have neglected her other children, the finding of derivative neglect as to the subject child was appropriate, since the mother's previous behavior "demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care" (*Matter of Jasmine B.*, 66 AD3d 420, 420 [1st Dept 2009]).

The fact that the mother had completed a court-ordered mental health evaluation, parenting skills and anger management programs, and participated in regular visitation with her other children before the instant proceeding on behalf of the subject child commenced does not preclude a finding of derivative neglect. The mother's failure to see a psychiatrist and take medication, which was recommended in her service plan, demonstrates that she failed to take appropriate measures to deal with her mental health issues, and her inability to acknowledge her previous behavior "supports the conclusion that she has a faulty understanding of the duties of parenthood sufficient to infer an ongoing danger to the subject child" (*Matter of Keith H.*, 113 AD3d at 556; *see Matter of Jayden C. [Luisanny A.]*, 126 AD3d 433 [1st Dept 2015]; *Matter of T-Shauna K.*, 63 AD3d 420, 420 [1st Dept 2009]).

The Family Court also properly discredited the testimony of the mother's therapist that the mother's mental health condition had improved significantly, the mother received all the services she needed, and the mother did not need medication. The therapist testified that she never reviewed the mother's mental health evaluation or the notes from her colleagues who also treated the mother, and that she did not have a full understanding of the mental health concerns ACS and other mental health providers had regarding the mother. There is no

basis to disturb the Family Court's credibility determination (*see Matter of Nasir J.*, 35 AD3d 299, 299 [1st Dept 2006]). Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.