■ In the Matter of NEPHRA P.I., a Child Alleged to be Neglected. SHANEL N. et al., Appellants; ADMINISTRATION FOR CHILDREN SERVICES, Respondent. [29 NYS3d 804]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about August 8, 2014, insofar as it determined that respondents derivatively neglected the subject child, unanimously affirmed, without costs.

A preponderance of the evidence demonstrates that respondents posed an imminent risk of harm to the subject child (*see* Family Ct Act § 1046 [a] [i]; [b]). Prior orders had found that respondent father neglected and abused others of his children by inflicting excessive corporal punishment upon them, derivatively neglecting another of his children, and that respondent mother failed to protect the children from the risk posed by their father. Respondents' previous behavior demonstrates so impaired a level of parental judgment as to create a substantial risk of harm for any child in their care (*see Matter of Keith H. [Logann Marchele K.]*, 135 AD3d 483, 484 [1st Dept 2016]). The record establishes that the circumstances leading to the prior findings had not been ameliorated at the time of the filing of the instant petition (*see Matter of Jayden C. [Luisanny A.]*, 126 AD3d 433 [1st Dept 2015]).

The child's brothers' out-of-court statements that the father inflicted excessive corporal punishment upon them and that the mother was aware of the excessive corporal punishment were properly admitted into evidence since the brothers' statements corroborated one another and were further corroborated by the caseworkers' observation of the brothers' injuries in the prior neglect proceeding (*see* Family Ct Act § 1046 [a] [vi]; *Mat-*

*ter of Genesis F. [Xiomaris S.],* 121 AD3d 526 [1st Dept 2014]). Concur—Tom, J.P., Sweeny, Andrias, Manzanet-Daniels and Webber, JJ.