Matter of A'Nyia P.G. (Qubilah C.T.G.) (2019 NY Slip Op 07361)





Matter of A'Nyia P.G. (Qubilah C.T.G.)


2019 NY Slip Op 07361


Decided on October 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 15, 2019

Sweeny, J.P., Tom, Mazzarelli, Oing, Singh, JJ.


10074A 10074

[*1] In re A'Nyia P.G., A Child Under Eighteen Years of Age etc., Qubilah C.T.G., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about June 14, 2018, to the extent it brings up for review an order, same court and Judge, entered on or about June 14, 2018, which granted petitioner agency's motion for summary judgment on its petition alleging that respondent mother derivatively neglected the subject child, unanimously affirmed, without costs. Appeal from order granting motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The three prior court orders finding that respondent neglected and derivatively neglected the subject child's five older siblings are sufficiently proximate in time to the instant proceeding to permit the presumption that the conditions that formed the basis for the prior findings continue to exist (see Matter of Noah Jeremiah J. [Kimberly J.], 81 AD3d 37, 42 [1st Dept 2010]; see also e.g. Matter of Jayden C. [Luisanny A.], 126 AD3d 433 [1st Dept 2015] [sufficient proximity where petition was filed less than two years after findings of abuse were made]; Matter of Darren Desmond W. [Nirandah W.], 121 AD3d 573, 574 [1st Dept 2014] [sufficient proximity where petition was filed less than a year and a half after suspended judgment terminated parental rights]). The derivative neglect findings entered in April and October 2016 were based on respondent's failure to comply with her court-ordered service plan, and none of the siblings who are the subjects of those findings have been returned to respondent's care (see Matter of Tradale CC., 52 AD3d 900, 902 [3d Dept 2008]).
Respondent failed to raise an issue of fact as to whether the conditions that led to the siblings being placed in foster care can reasonably be expected to exist currently or in the foreseeable future (see Matter of Cruz, 121 AD2d 901, 903-904 [1st Dept 1986]). The affidavit [*2]in which she averred that she completed some therapeutic services does not suffice (see Matter of Xiomara D. [Madelyn D.], 96 AD3d 1239, 1240-1241 [3d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 15, 2019
CLERK