Matter of Mariah B. (Nigel M.) (2019 NY Slip Op 09377)





Matter of Mariah B. (Nigel M.)


2019 NY Slip Op 09377


Decided on December 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 26, 2019

Friedman, J.P., Webber, Kern, Moulton, JJ.


10656

[*1] In re Mariah B., and Another, Children under Eighteen Years of Age, etc., Nigel M., Respondent-Appellant, Commissioner of Social Services of the City of New York, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Order of fact-finding, Family Court, New York County (Ta-Tanisha D. James, J.), entered on or about June 21, 2018, which found that respondent neglected and abused the subject children, unanimously affirmed, without costs.
The record supports Family Court's determination that, at the relevant times, respondent was a person legally responsible for the children, because he had resided in the home with them for two years, cared for them and assumed other household and parental duties (see Matter of Yolanda D., 88 NY2d 790 [1996]; Matter of Christopher W., 299 AD2d 268 [1st Dept 2002]). His contention that he had no relationship with the children was rebutted not only by the mother's testimony, which the court found credible, but by respondent's testimony that he was the children's guardian and godfather.
The determination that respondent abused and neglected the children is supported by a preponderance of the evidence (see Family Ct Act §§ 1046[b][i]; 1012[e][iii][A]; Matter of Jayden C. (Luisanny A.), 126 AD3d 433 [1st Dept 2015]). Family Court was in the best position to observe the witnesses and assess their demeanor, and there is no basis to disturb its credibility determinations (see Matter of Ricardo M.J. [Kiomara A.], 143 AD3d 503 [1st Dept 2016]). The evidence supports the finding that respondent neglected the children by committing acts of domestic violence against the mother in their presence, including choking her and threatening to kill her and the children, thereby placing the children's emotional well-being at imminent risk of harm (see Matter of Cristalyn G. [Elvis S.], 158 AD3d 563 [1st Dept 2018]; Matter of Nia J. [Janet Jordan P.], 107 AD3d 566, 567 [1st Dept 2013]). The finding of abuse is supported by evidence that respondent committed acts constituting forcible touching in order to abuse and degrade the children (see Family Ct Act § 1012 [e][iii]; Penal Law § 130.52[1]). Contrary to respondent's argument, the court properly found that the child Mariah's out-of-court statements were sufficiently corroborated by testimony of a caseworker and her mother showing that she consistently reported the abuse (see Matter of Nicole V., 71 NY2d 112, 118-119 [1987]).
We have considered respondent's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 26, 2019
CLERK