Matter of Jaiyana S. (Perla S.) (2023 NY Slip Op 06460)

Matter of Jaiyana S. (Perla S.)

2023 NY Slip Op 06460

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Docket No. N2286/21, N2287/21 Appeal No. 1204 Case No. 2023-00903 

[*1]In the Matter of Jaiyana S., and Another, Children Under Eighteen Years of Age, etc., Perla S., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.

Order of disposition, Family Court, New York County (Valerie A. Pels, J.), entered on or about February 6, 2023, which, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about January 27, 2023, determining that respondent mother neglected the subject children, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the children by inflicting excessive corporal punishment on them. Petitioner agency's child protective specialist testified that the children told her that the mother routinely disciplined both of them by beating them with belts and pinching them, resulting in bruises and cuts that have bled in the past, and that the mother had hit Jaiyon with her hands and sandal, making him bleed, and scratched and pinched Jaiyana, causing scratches on her right arm (see Matter of Michele S. [Yi S.], 157 AD3d 551, 552 [1st Dept 2018]). Not only did the children sustain injuries including a bloody nose and scratches, but they expressed to petitioner's child protective specialist that they were fearful of the mother and did not want to return home with her (see Matter of Ibraheem K. [Jaqueline N.], 190 AD3d 643, 644 [1st Dept 2021]). These out-of-court statements by both children cross-corroborate each other and were further corroborated by the child protective specialist's observation of visible scratch marks on Jaiyana's arm (see Matter of Nephra P.I. [Shanel N.], 139 AD3d 485 [1st Dept 2016]). The court providently credited the child protective specialist's testimony and found the mother's testimony to be self-serving and minimized her conduct, and there is no basis for disturbing the court's credibility determinations (see Matter of Syeda A. [Syed I.], 186 AD3d 1145, 1146 [1st Dept 2020]), which are entitled to great deference on appeal (see Matter of Any G. v Ayman H., 208 AD3d 1097 [1st Dept 2022]).
Contrary to the mother's argument, she is not entitled to a missing witness inference based on petitioner's failure to call the school social worker or the children's uncle as witnesses. At the hearing, the mother did not request an adverse inference, but rather sought the dismissal of any section of the petition based upon statements made by the missing witnesses. However, the mother failed to raise this issue until after petitioner had rested, depriving petitioner of the opportunity to explain whether the social worker was available and under its control (see People v Silvestre, 187 AD3d 552 [1st Dept 2020]). The record shows that the social worker was unavailable because she was attending to another student undergoing a mental health crisis. In any event, her intended testimony regarding the children's reports that the mother hit them with belts, pinched them, and acted bizarrely, and that they did not feel safe in her care, would be duplicative of the child protective specialist's testimony (see People v Brunner, 67 AD3d 464, 465 [1st Dept 2009[*2]]). We further note that the court dismissed portions of the petition, based upon statements made by the uncle, for lack of corroboration.
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023