R.M. v S.B. (2025 NY Slip Op 51578(U))

[*1]

R.M. v S.B.

2025 NY Slip Op 51578(U)

Decided on October 1, 2025

Family Court, New York County

Antoncic, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 1, 2025

Family Court, New York County

R.M. & X.L. (Petitioners),

against

S.B. (Respondent)

Index No. XXXXX

Attorney for the Respondent- Bryan Scott Greenberg, Esq.

Attorneys for the Petitioners- Ryan James Besinque, Esq. and Simon Turkel, Esq.

Attorneys for the Children - Serina Rosenbaum, Esq., Laurence Andrew Blank, Esq., and Daniel Gubio Robles, Esq.

Lydia S. Antoncic, J.

On July 17, 2025, S.B. ("Respondent") filed an order to show cause ("Motion") seeking to vacate an Order of Fact-Finding and Disposition issued by Hon. Hasa Kingo on September 25, 2024 ("September 25, 2024 Order") which granted a final order of protection to R.A. and X.L. ("Petitioners") and their children. On September 5, 2025, this court issued a decision denying Motion 17, 19 for failure to follow a December 19, 2024 order that required parties to seek leave of court prior to filing any new motions. The matter was then heard before this court on September 8, 2025 and Motion was restored to the calendar on consent. All counsel waived an opportunity to submit written opposition, and the court provided an opportunity to be heard orally. While counsel for the Petitioners and the Attorneys for the Children ("AFCs") did not object to Motion being filed, there was no agreement that Respondent had met the legal standard to vacate the September 25, 2024 Order.

In the Motion the Respondent argues that the September 25, 2024 Order issued against him should be vacated under CPLR §5015(a)(1) on the basis of his "excusable default." At the outset, we note that Hon. Hasa Kingo's September 25, 2024, decision was not a default order; the "Order of Fact-Finding and Disposition" was a decision issued after several days of fact finding. Respondent did in fact appear but left the courtroom on the last day of fact finding. However, assuming arguendo, that the September 25, 2024, was on default, a Respondent seeking to vacate a default judgment under CPLR §5015(a)(1) "must demonstrate both a reasonable excuse for the default and a potentially meritorious opposition to the motion." Garcia v. City of New York, 189 AD3d 788, 788, 137 N.Y.S.3d 114, 115 (2nd Dep't 2020).

As to his reasonable excuse, Respondent states that on September 25, 2024, he experienced "an acute flare up of back spasms and was removed from the courthouse in an ambulance by EMTs." In his order, Judge Kingo found the Respondent incredible and directed him not to leave the courtroom but "despite these clear warnings, Respondent exited and did not return."

Those detailed findings included the following assessment:

On September 25, 2024, the final day of the hearing, Respondent arrived at court claiming, without credible justification, that he needed an attorney. His request was clearly a tactic to delay the proceedings, as he had made no genuine efforts to retain counsel since his prior attorneys were relieved. He provided no evidence—oral or written—to support his claim of [*2]attempting to secure new representation. Once it became evident that Respondent's request for counsel was a pretext to avoid the hearing, the court asked all parties if they were ready to proceed. All assented, except Respondent, who interrupted, insisting he needed to use the restroom. The court granted him a five-minute break, warning that the hearing would proceed in his absence if he did not return promptly. Respondent acknowledged this warning before leaving the courtroom.

After eight minutes, Respondent re-entered the courtroom and, in an apparent ploy to further delay the proceedings, claimed he was suddenly suffering from sudden back pain. However, the court, along with counsel, had observed no prior indication of such an issue. His complaint was entirely unsubstantiated. Court officers and personnel had seen Respondent walking around the courthouse, including near an elevator bank, without showing any signs of distress. Upon re-entering the courtroom, he appeared fine until he dramatically clutched his back, attempting to feign an ailment in a last-ditch effort to secure an adjournment.

The court instructed Respondent to remain in the courtroom or risk defaulting, but despite these clear warnings, Respondent exited and did not return. His behavior on this day—marked by outbursts, non-compliance, and transparent attempts to evade the fact-finding hearing— underscored his contempt for the judicial process and further validated the court's conclusions regarding his abusive conduct toward Petitioners.[FN1]

Credibility determinations made by a court based on observations of the parties in court and during testimony are "entitled to deference." See Matter of B.F., 239 AD3d 451, 453, 236 N.Y.S.3d 68, 73 (1st Dep't 2025); Matter of Irene O., 38 NY2d 776, 777, 381 N.Y.S.2d 865, 345 N.E.2d 337 [1975]. Further, the law of the case doctrine tells us "...a court should not ordinarily reconsider, disturb or overrule an order in the same action of another court of co-ordinate jurisdiction." Matter of Dondi v. Jones, 40 NY2d 8, 15, 386 N.Y.S.2d 4, 351 N.E.2d 650 (1976); see also Martin v. City of Cohoes, 37 NY2d, at 165, 371 N.Y.S.2d 687, 332 N.E.2d 867 (1975). This court will not disturb Judge Kingo's findings, as he was in the best position to make credibility determinations as to Respondent's reasons for leaving the courtroom. Should the Respondent take issue with Judge Kingo's findings, the proper recourse would be to file an appeal, which he has done. Contrary to counsel's argument, the provided medical records, which ultimately indicate "no indication for emergent imaging" and "no red flag findings," do not provide a basis to alter Judge Kingo's credibility determination.

In the absence of a reasonable excuse, the court need not consider the issue of whether Respondent presented a meritorious defense. See In re Orchid C., 171 AD3d 666, 666, 101 N.Y.S.3d 1 (1st Dep't 2019). However, assuming arguendo that Respondent had demonstrated a reasonable excuse, he also fails to demonstrate a meritorious defense. Respondent argues that he "never even had a chance to testify," that he "was denied assistance of counsel," and that the court was "denied the opportunity ... [to] assess my credibility against [Petitioner's]." These claims are belied by the record and the findings of fact, which make clear the court had ample opportunity to make such [*3]credibility assessments. The order details that the Respondent made "transparent attempts" to delay and disrupt the proceedings and that he chose to absent himself from the opportunity to testify or present additional evidence. Here, Respondent provided little more than "generalized conclusory statements that [he] has a defense" with no factual basis to support his arguments and therefore he has failed to provide a meritorious defense. See In re Chantel C., 189 AD3d 532, 533, 133 N.Y.S.3d 827, 828 (1st Dep't 2020).

Finally, Respondent filed an appeal of this matter (First Department, Index #XXX), of which no right of appeal would exist if this were found to be a default judgment (In re Darren Desmond W., 121 AD3d 573, 993 N.Y.S.2d 908 (1st Dep't 2014); see also CPLR §5511). A decision is pending, and no stay of proceedings has been issued.

For all of the aforementioned reasons, it is hereby

ORDERED that Respondent's order to show cause is denied in its entirety; and it is further

ORDERED that any relief not specifically granted is otherwise denied.

Dated: October 1, 2025
Hon. Lydia S. Antoncic, J. F. C

Footnotes

Footnote 1:See, September 25, 2024 Order at pp. 5-6.